42 P.3d 672

**SILVER CREEK COMPUTERS,
INC., an Idaho corporation,
Plaintiff–Appellant,**

v.

**PETRA, INC., an Idaho corporation; and
Sundance Investments Limited Partner-
ship, an Idaho limited partnership, De-
fendants–Respondents.**

No. 26848.

Supreme Court of Idaho,
Boise, January 2002 Term.

Feb. 22, 2002.

Hawley, Troxell, Ennis & Hawley, Boise, for appellant. Steven F. Schossberger argued.

Saetrum Law Offices, Boise, for respondent Petra, Inc. Karyn Whychell argued.

Lynch & Associates, Boise, for respondent Sundance Investments Limited Partnership. Katherine M. Lynch argued.

EISMANN, Justice.

This is an appeal from a judgment entered in favor of the defendants following a jury trial. We uphold the district court's denial six weeks before trial of the plaintiff's motion to file an amended complaint adding additional causes of action against the defendant Petra, Inc., but we reverse the judgment in favor of the defendant Sundance Investments Limited Partnership because the district court erroneously instructed the jury regarding the plaintiff's claim based upon Idaho Code § 6-320.

## I. FACTS AND PROCEDURAL HISTORY

On May 9, 1997, Silver Creek Computers, Inc., (Silver Creek) leased approximately 10,-165 square feet of business space from Sundance Investments Limited Partnership (Sundance Investments) in its Blackeagle Business Center. Silver Creek conducted a computer business in its leased premises, including sales, repairs, technical support, and education.

On August 7, 1997, Sundance leased the space adjacent to Silver Creek to a dental supply business and agreed to make various improvements to prepare that space for occupancy. Sundance Investments had contracted with Petra, Inc., (Petra) to serve as construction manager for the business center. As part of its duties as construction manager, Petra made the majority of the tenant improvements to prepare spaces for occupancy, including routinely applying a concrete sealant. On Sunday, December 14, 1997, Petra applied a sealant to the concrete floor in that portion of the space that the dental center intended to use as a shipping and receiving area. The following Monday, Silver Creek employees could smell an offensive odor in their workspace, and one employee telephoned Sundance Investments to complain. Later that day, a Sundance Investments employee walked through Silver Creek's space and then contacted Petra and told it to do whatever was necessary to solve the problem. That night, Petra applied more sealant to a 25 square foot section of concrete floor that had been damaged by rain when an overhead door was left open overnight to aid in ventilating the space.

On Tuesday, December 16, 1997, the owners of Silver Creek went to the Sundance Investments office to complain. A Sundance Investment representative again walked through the Silver Creek space, detected an odor, and then again told Petra to take whatever steps were necessary to resolve the problem. Petra then placed fans throughout the Silver Creek space in an attempt to remove the fumes, and it reset the heating system to bring in 100% fresh air.

On December 16, 1997, an employee of Silver Creek also contacted the Occupational Safety and Health Administration (OSHA), and it reacted by faxing a letter to Silver Creek informing it of the complaint and requiring proof of correction. Silver Creek

hand delivered the OSHA letter to Sundance Investments the same day.

On December 18, 1997, Silver Creek had an industrial hygienist perform an air quality check in its space. He took air samples at six sites within the Silver Creek premises and sent them to a laboratory for analysis. On December 23, 1997, he issued a report in which he stated that ten volatile chemicals had been identified in the air samples and that all of them could cause eye and respiratory irritation, narcosis, gastro-intestinal disturbances, and headaches. In his report, he concluded that as of Thursday, December 18, 1997, the concentrations of air contaminants present in the Silver Creek space had decreased to acceptable levels and that it was safe for human occupancy.

On Tuesday, many of the Silver Creek employees left work because of the odor and symptoms such as coughing, burning eyes, and headaches caused by the fumes. The majority of the employees refused to return to work during the remainder of that week. Slightly over two years later on January 19, 1999, Silver Creek commenced this action seeking to recover damages for lost profits due to the sealant fumes.

Silver Creek initially named as defendants Petra and Sundance Company, a property management company which manages various properties on behalf of Sundance Investments. In Count One of its complaint, Silver Creek alleged a claim for negligence against Petra. In Count Two, it alleged that Petra was the agent of Sundance Company and that Sundance Company was therefore liable for Petra's negligence. In Count Three, it alleged that Sundance Company breached the implied warranty of habitability provided by Idaho Code § 6–320. In Count Four, it alleged that Sundance Company breached an indemnity clause in its lease with Silver Creek. On March 12, 1999, Silver Creek filed an amended complaint adding Sundance Investments as a defendant.

Sundance Company and Sundance Investments moved for summary judgment. At the hearing on that motion, Silver Creek stipulated to dismiss Sundance Company as a defendant and to dismiss Count Two, which alleged that Sundance Investments was liable

for the negligence of Petra. The district court granted summary judgment dismissing Count Four of the amended complaint.

On June 8, 2000, Silver Creek moved to file a second amended complaint seeking to add a claim for breach of the covenant of quiet enjoyment against Sundance Investments and to add claims for trespass and nuisance against Petra. That motion was heard on June 22, 2000. The district court denied the motion on the grounds that it was untimely under the scheduling order and that granting it would be prejudicial to the defendants because trial was only six weeks away.

The negligence action against Petra and the statutory warranty of habitability action against Sundance Investments were tried to a jury commencing on July 31, 2000. On August 7, 2000, the jury returned a special verdict finding in favor of both the defendants. The district court then entered judgment in favor of the defendants, and Silver Creek appealed.

## II. ANALYSIS

**A. Did the district court err in denying Silver Creek's motion to file a second amended complaint?**

Rule 15(a) of the Idaho Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." A trial court's decision to deny a motion to amend a pleading is reviewed by this Court under an abuse of discretion standard. *Baxter v. Craney*, 135 Idaho 166, 16 P.3d 263 (2000). In determining whether the trial court abused its discretion, this Court applies a three-factor test. *Id.* Those three factors are: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. In this case, the district court correctly perceived the issue as one of discretion. The court denied Silver Creek's motion to file a second amended complaint on the grounds that it was untime-

ly under the scheduling order and would be prejudicial to the defendants.

■ Silver Creek filed this action on January 19, 1999. On April 29, 1999, the district court issued a scheduling order which, among other things, provided that all motions to amend the pleadings must be filed no later than December 31, 1999; that all discovery must be completed by May 31, 2000; and that the trial would commence on July 31, 2000. Silver Creek filed its motion to file a second amended complaint on June 8, 2000, over five months after the deadline set in the scheduling order. Silver Creek did not contend that it had good cause for failing to file its motion within the time period set in the scheduling order. The motion was not based upon newly discovered evidence. It was simply based upon counsel deciding to add additional causes of action based upon the facts known before this action was commenced.

Silver Creek argues that the defendants would not have been prejudiced because they could have defended the proposed new causes of action without conducting additional discovery. The motion hearing was held six weeks before trial. Granting the amendment would have required the defendants to research the new causes of action and to alter their trial strategies, and it would have disrupted their trial preparation. We hold that the district court did not abuse its discretion in denying Silver Creek's motion to file a second amended complaint.

**B. Did the district court err in instructing the jury that Silver Creek had to prove negligence in order to recover on the implied warranty of habitability under Idaho Code § 6–320?**

■ Silver Creek based its claim against Sundance Investments upon Idaho Code § 6–320, a statutory version of the implied warranty of habitability. *Worden v. Ordway*, 105 Idaho 719, 672 P.2d 1049 (1983). The statute provides insofar as is relevant:

(a) A tenant may file an action against a landlord for damages and specific performance for:

(1) Failure to provide reasonable water-proofing and weather protection of the premises;

(2) Failure to maintain in good working order electrical, plumbing, heating, ventilating, cooling, or sanitary facilities supplied by the landlord;

(3) Maintaining the premises in a manner hazardous to the health or safety of the tenant;

(4) Failure to return a security deposit as and when required by law;

(5) Breach of any term or provision of the lease or rental agreement materially affecting the health and safety of the tenant, whether explicitly or implicitly a part thereof;

(6) Failure to install approved smoke detectors in each dwelling unit, to include mobile homes, under the landlord's control.

Silver Creek based its cause of action against Sundance Investments upon subparagraphs (3) and (5) of the statute. The provision of the lease that Silver Creek alleged under subparagraph (5) of the statute to have been breached is the covenant of quiet enjoyment, which is implied in every lease of real property in Idaho. *Worden v. Ordway*, 105 Idaho 719, 672 P.2d 1049 (1983).

■ Silver Creek contends that the district court erred in instructing the jury regarding its claims under Idaho Code § 6–320. The standard of review for issues concerning jury instructions is limited to a determination whether the instructions, as a whole, fairly and adequately present the issues and state the law. *Howell v. Eastern Idaho Railroad, Inc.*, 135 Idaho 733, 24 P.3d 50 (2001). When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error. *Id.*

The district court instructed the jury that Silver Creek had to prove that Sundance Investments was negligent in order to recover. With respect to the claim based upon subsection (3) of the statute, the district court instructed the jury that Silver Creek was required to prove that Sundance Investments "[n]egligently maintained the premises

in a manner hazardous to the health or safety of the tenant Silver Creek Computer's personnel." With respect to subparagraph (5) of the statute, the district court instructed the jury that Silver Creek was required to prove that Sundance Investments "[b]reached an implied term of the lease materially affecting the health and safety of Silver Creek's employees." It then instructed the jury that in every lease there is an implied covenant for quiet enjoyment of the property and that a landlord breaches that covenant when there are conditions which affect the health and safety of the employees and "such conditions arise from the negligent act of the landlord or from his co-operation with others in producing such injuries." The district court further instructed the jury that if Sundance Investments negligently maintained the premises in a manner hazardous to the health or safety of Silver Creek's employees or breached the implied covenant of quiet enjoyment and Silver Creek suffered damages, Silver Creek had to prove that "the negligence of defendant Sundance Investments Limited Partnership was a proximate cause of the plaintiff's damages."

A tenant can recover damages from his landlord based upon negligence. *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984). Silver Creek did not base its claim against Sundance Investments upon its breach of a landlord's duty to exercise reasonable care, however. It based its claim upon Idaho Code § 6–320. That statute does not require a tenant to prove negligence in order to recover damages or obtain specific performance. The words "negligence" or "negligent" do not appear in the statute, nor is there any language that predicates the tenant's right to recover upon the landlord's failure to exercise reasonable or ordinary care. Therefore, the jury instructions, taken as a whole, did not correctly state the law. The next issue is whether that error prejudiced Silver Creek.

The instructions required Silver Creek to prove negligence on the part of Sundance Investments, an additional element not required by the statute. A tenant can obtain relief under Idaho Code § 6–320 even though the landlord's conduct was not negligent. The special verdict form asked the jury, "Did Sundance Investments Limited Partnership negligently maintain the premises in a manner hazardous to the health or safety of plaintiff?" The jury answered that question, "No." As mentioned above, the jury instructions defining the implied term of the lease (the implied covenant of quiet enjoyment) required that the conditions upon which the breach is based "arise from the negligent act of the landlord or from his co-operation with others in producing such injuries." The special verdict form also asked the jury, "Did Sundance Investments Limited Partnership commit a breach of the implied term of the lease materially affecting the health and safety of plaintiff's employees?" The jury answered that question, "No." Thus, the jury instructions and special verdict form required Silver Creek to prove that Sundance Investments was negligent in order for Silver Creek to recover damages. Even if the jury believed that the Sundance Investments had maintained the premises in a manner hazardous to the health or safety of Silver Creek employees, or that Sundance Investments breached the implied covenant of quiet enjoyment in a manner affecting the health and safety of the Silver Creek employees, the jury would have to find in favor of Sundance Investments if they concluded that such breach was not caused by Sundance Investments' negligence. As a result, Silver Creek was prejudiced by the incorrect instructions. Therefore, we vacate the judgment in favor of Sundance Investments and remand this case for a new trial.

Silver Creek also raises additional legal issues on appeal. Having decided that we must remand this case for a new trial, we will decide the additional issues raised on appeal by Silver Creek because they are questions of law which will arise in that trial. *Suitts v. First Sec. Bank of Idaho, N.A.*, 110 Idaho 15, 713 P.2d 1374 (1985).

**C. Did the district court correctly instruct the jury regarding the notice requirement in Idaho Code § 6–320(d)?**

Silver Creek argues on appeal that the district court incorrectly instructed the jury regarding the notice required by Idaho

Code § 6–320(d). The district court instructed the jury that in order for Silver Creek to recover, it was required to prove, among other things, the following:

2. That:

a. Plaintiff Silver Creek Computers provided written notice to Sundance Investments Limited Partnership, of the condition within three days of its occurrence, and;

b. Sundance failed to cure the condition, within three days of receiving the notice.

This instruction is partially in error and partially correct.

The above portion of the district court's instruction is based upon Idaho Code § 6–320(d), which provides:

Before a tenant shall have standing to file an action under this section, he must give his landlord three (3) days written notice, listing each failure or breach upon which his action will be premised and written demand requiring performance or cure. If, within three (3) days after service of the notice, any listed failure or breach has not been performed or cured by the landlord, the tenant may proceed to commence an action for damages and specific performance.

In order to either recover damages or obtain specific performance under the statute, subsection (d) requires that the tenant prove that two events occurred. First, the tenant must prove that he gave the landlord "three (3) days written notice, listing each failure or breach upon which his action will be premised and written demand requiring performance or cure." The district court erroneously instructed the jury that the "three (3) days written notice" was written notice given within three days of the occurrence upon which Silver Creek's lawsuit was based. The statute does not require that the notice be given within three days of the failure or breach. Rather, it requires that the written notice be given at least three days before the tenant files a lawsuit under Idaho Code § 6–320. As we stated in *Worden v. Ordway*, 105 Idaho 719, 722, 672 P.2d 1049, 1052 (1983), "The procedural requirement under I.C. § 6–320 that we are concerned with here is the requirement that the tenant give the landlord three days' written notice requiring him to cure the defects before suit may be filed." The purpose of the requirement of "three (3) days written notice" is to notify the landlord of a claimed failure or breach and to give him three days within which to remedy it.

The latter part of the above-quoted portion of the instruction correctly states the law. If, within that three-day period, the landlord remedies the failure or breach listed in the notice, then the tenant may not sue under Idaho Code § 6–320 for either damages or specific performance with respect to that violation. Thus, in order to recover under the statute, the tenant must also prove that within the three-day period after the notice was given, the landlord did not remedy the failure or breach listed in the notice.

**D. Did the district court correctly instruct the jury regarding the measure of damages?**

▉▉▉▉ Silver Creek argues that the district court instructed the jury as to the measure of damages applicable to a negligence action, not the measure applicable to a breach of contract action. Idaho Code § 6–320 is a statutory version of the implied warranty of habitability. *Worden v. Ordway*, 105 Idaho 719, 672 P.2d 1049 (1983). As such, the provisions of the statute are part of the lease, and the damages recoverable under the statute are those recoverable for breach of contract. Damages recoverable for breach of contract are those that arise naturally from the breach and are reasonably foreseeable. *Appel v. LePage*, 135 Idaho 133, 15 P.3d 1141 (2000). Damages need not have been precisely and specifically foreseeable, but only such as were reasonably foreseeable by the parties at the time they contracted. *Id.; Suitts v. First Sec. Bank of Idaho, N.A.*, 110 Idaho 15, 22, 713 P.2d 1374, 1381 (1985). Consequential damages are not recoverable unless specifically within the contemplation of the parties at time of contracting. *Appel v. LePage*, 135 Idaho 133, 15 P.3d 1141 (2000); *Brown's Tie & Lumber Co. v. Chicago Title Co. of Idaho*, 115 Idaho 56, 61, 764 P.2d 423, 428 (1988). Lost profits are generally not recoverable in contract unless

there is something in that contract that suggests that they were within the contemplation of the parties and are proved with reasonable certainty. *Brown's Tie & Lumber Co. v. Chicago Title Co. of Idaho,* 115 Idaho 56, 764 P.2d 423 (1988). The damage instruction given by the district court did not include the foreseeability requirement.

## III. CONCLUSION

We hold that the district court did not abuse its discretion in refusing to grant Silver Creek's motion to file a second amended complaint, and we therefore affirm the judgment dismissing Silver Creek's claim against Petra. We hold that the district court improperly instructed the jury regarding Silver Creek's claim against Sundance Investments, and we therefore vacate the judgment in favor of Sundance Investments and remand this case for further proceedings consistent with this opinion. We award costs to Petra on appeal and to Silver Creek on its appeal as to Sundance Investments.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem JUDD concur.