51 P.3d 392

Jesse Charles RICKETTS,
Plaintiff–Appellant,

v.

EASTERN IDAHO EQUIPMENT, CO.,
INC., Torrey Walker and E. Dean
Shipley, Defendants–Respondents.

No. 25982.

Supreme Court of Idaho,
Boise, May 2002 Term.

July 10, 2002.

Lowell N. Hawkes, Chtd., Pocatello, for appellant.

Cox, Ohman & Brandstetter, Chd., Idaho Falls, for respondent. John M. Ohman argued.

SCHROEDER, Justice.

This is a personal injury action in which Jesse Ricketts (Ricketts) was seriously injured when a steel irrigation pipe that was on a parked trailer went through his car as he entered the Interstate from an on-ramp. Eastern Idaho Equipment Company (EIE) owned the pipe trailer. An employee of EIE left the trailer on the side of the highway when the ball hitch broke in transit.

## I.

### FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

On June 1, 1995, Ricketts was driving from his home in Ogden, Utah, to his father's home in Anchorage, Alaska. After exiting for gas near Idaho Falls, he re-entered the Interstate. Torrey Walker (Walker), an employee of EIE, had left his trailer just past the on-ramp because the trailer's ball hitch had broken. A pipe from the trailer went through the cab of Ricketts's Jeep, causing him serious injury.

Some factual disputes exist. The first is whether Ricketts was looking left into his blind spot to merge safely, or whether he was looking right into his Jeep to adjust an ice cooler. The second is whether the trailer had statutorily required safety/warning equipment on it at the time of the accident. The third is whether there was direct impact or whether the pipe hit the Jeep diagonally. Fourth, there is some dispute as to whether the trailer was parked in the roadway or behind the "fog line." Fifth, respondents describe EIE's offices as being five minutes away, whereas Ricketts states that EIE was forty-five minutes away.

After the ball hitch broke, Walker threw it into a borrow pit on the side of the highway in frustration. He returned to EIE and his boss, Dean Shipley (Shipley) sent Walker to another job and said that he would get the trailer. No calls were made to law enforcement regarding the trailer on the highway. Meanwhile, Ricketts was injured; he was taken to the emergency room with level ten head pain, a draining, bleeding, perforated right ear drum, and abrasions and lacerations on his face, head, shoulders and extremities. A CT scan revealed damage to his skull, a hemorrhage in his sphenoid sinus and a contusion on the anterior temporal lobe of his brain. He has reduced hearing in his right ear, and there are popping and cracking sounds with certain head and mouth movements. He has some facial scarring and some serious memory problems.

Facts relied upon by Ricketts in establishing Walker and Shipley's negligence include the fact that Walker did not have training on what to do if the trailer came loose. He also admitted that there was a hoist that he could have used to move the pipe from the left to the right of the trailer. Although Walker testified to attaching a flag to the trailer, he admitted on cross-examination that there was no evidence of that flag. Walker and Shipley both testified that they were not aware that different ball hitches were used for different loads, and that EIE did not determine whether its ball hitches were adequate for its loads.

The primary fact relied upon by the defense in claiming that Ricketts was responsible for his own injury was an entry in his medical report taken at the emergency room during intake: "On I-15 reached back to fix ice chest veered off road past white line hitting irrigation pipe. Rolled vehicle."

Following the presentation of evidence, the jury returned a "50–50" verdict, finding Ricketts and EIE negligent. Walker and Shipley were not found negligent, although they were defendants and their names appeared on the special verdict form. Ricketts moved for jnov and a new trial. The motion was denied.

## II.

## STANDARD OF REVIEW

▬ The issue on a motion for jnov is whether substantial evidence supports the jury's verdict. *Highland Enters., Inc. v. Barker*, 133 Idaho 330, 337, 986 P.2d 996, 1003 (1999) (citing *Lanham v. Idaho Power Co.*, 130 Idaho 486, 495, 943 P.2d 912, 921 (1997)). "Substantial evidence" does not require that the evidence be uncontradicted. Rather, the evidence need only be "of a sufficient quantity and probative value that reasonable minds could conclude that the verdict of the jury was proper." *Lanham*, 130 Idaho at 495, 943 P.2d at 921 (quoting *Watson v. Navistar Int'l Transp. Corp.*, 121 Idaho 643, 658, 827 P.2d 656, 671 (1992)). When a party moves for jnov, that party admits the truth of all adverse evidence and all inferences that can legitimately be drawn from it. *Id.* In ruling on the motion the trial court does not weigh the evidence, evaluate the credibility of witnesses, or compare any of its own factual findings to those of the jury. *Id.* The court draws all inferences in favor of the non-moving party. *Id.* The motion should be granted only where reasonable minds could not have reached the verdict that the jury reached. *Watson*, 121 Idaho at 659, 827 P.2d at 671 (1992). A motion for jnov gives the trial court "the last opportunity" to order the judgment that the law requires. *Quick v. Crane*, 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986).

▬ On appeal this Court applies that same standard in ruling on the motion and

does not defer to the lower court's views. *Id; see also Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.,* 127 Idaho 41, 45, 896 P.2d 949, 953 (1995). This Court reviews the record and draws all inferences in favor of the non-moving party. *Lanham,* 130 Idaho at 496, 943 P.2d at 922. Where the evidence conflicts, the Court must construe the evidence in favor of the jury verdict. *Highland,* 133 Idaho at 337, 986 P.2d at 1003.

In this case the motion was denominated as one for jnov and new trial. However, the motion asked only for a new trial on the question of damages. As to liability, the only motion argued is that of jnov. If granted the result would be a new trial solely on damages.

## III.

### THE FAILURE OF THE JURY TO ASSESS NEGLIGENCE TO THE INDIVIDUAL DEFENDANTS IS MOOT

 Ricketts contends that the jury erred in not finding Walker and Shipley negligent, because the evidence showed that they violated numerous Idaho highway safety statutes. Ricketts claims that the violation of laws designed to protect motorists is negligence *per se,* and that the district court erred in its decision by not granting jnov on the issue of liability.

There is certainly evidence from which the jury could have found Walker and/or Shipley negligent. Regardless, the jury determined Ricketts had 50 percent of the responsibility for the accident. The other 50 percent was allocated to EIE. There is substantial evidence to support the finding that Ricketts was 50 percent responsible. Whether the other 50 percent is allocated to Walker and/or Shipley or directly to EIE makes no difference in the outcome. Ricketts cannot recover.

## IV.

### THE JURY INSTRUCTIONS GIVEN BY THE DISTRICT COURT WERE ADEQUATE AND STATED APPLICABLE LAW

#### A. Standard of Review

 The standard of review when reviewing jury instructions on appeal requires this Court to determine whether the jury was properly and adequately instructed. Accordingly, it must review the instructions and ascertain whether the instructions, when considered as a whole, fairly and adequately present the issues and state the applicable law. *Brooks v. Gigray Ranches, Inc.,* 128 Idaho 72, 76, 910 P.2d 744, 748 (1996) (quoting *Manning v. Twin Falls Clinic & Hosp.,* 122 Idaho 47, 50, 830 P.2d 1185, 1188 (1992)).

#### B. Impossibility

 Ricketts argues that the district court improperly included an impossibility defense allowing an excuse for abandoning the pipe trailer on the interstate. He objects on the basis that impossibility was not pled as a defense, and the evidence did not support giving the instruction.

Ricketts relied upon Idaho Code § 49–659 to establish negligence *per se* for leaving the trailer. The same statute includes the provision, applicable as well to Idaho Code § 49–660 (stopping, standing or parking prohibited in specified places) and Idaho Code § 49–661 (additional parking regulations), that these limitations do "not apply to the driver of any vehicle which is disabled in such a manner and to an extent that it is impossible to avoid stopping and temporarily leaving the vehicle in that position." I.C. § 49–659(2). When Ricketts relied upon arguments of negligence *per se* based upon statutory violations, the jury was entitled to be informed of the remainder of the statute setting forth when the statutory prohibitions are not applicable. There was evidence justifying inclusion of the language in the instructions.

#### C. Spoliation

 Ricketts argues that Walker's disposal of the ball hitch constituted spoliation of evidence. He requested two jury instructions on the subject, relying on *Bromley v. Garey,* 132 Idaho 807, 979 P.2d 1165 (1999).

*Cook v. State Dept. of Trans.,* 133 Idaho 288, 298, 985 P.2d 1150, 1160 (1999) states that "[e]ven though this Court has not ex-

pressly adopted spoliation of evidence in Idaho, it has recognized that spoliation of evidence is a tort." *See also Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 177, 923 P.2d 416, 422 (1996). In *Yoakum,* the Court noted that spoliation is its own intentional tort. The Court said that "[t]he guidelines offered by the authors of the Restatement and the cases which have defined the intentional spoliation of evidence cause of action provide a framework for another cause of action based upon intentional conduct that unreasonably interferes with a party's prospective cause of action. The tort of intentional spoliation of evidence has been alternatively identified by courts as the 'intentional interference with prospective civil action by spoliation of evidence.' " *Id.* at 178, 923 P.2d at 423 (citing *Hazen v. Anchorage,* 718 P.2d 456, 463 (Alaska 1986)). The Court also stated that it is closely aligned with the tort of intentional interference with a prospective business advantage. *Idaho First Nat'l Bank v. Bliss Valley Foods,* 121 Idaho 266, 284–87, 824 P.2d 841, 859–62 (1991).

 The concept of spoliation requires a state of mind that shows a plan or premeditation that is not shown in this case. It was not error to deny the instructions on spoliation.

## V.

### EIE IS NOT ENTITLED TO ATTORNEY FEES ON APPEAL

 EIE claims attorney fees on appeal on the basis that the appeal was frivolous. While unsuccessful, the appeal was not frivolous.

## VI.

### CONCLUSION

The district court's denial of Ricketts's motion for jnov and new trial are affirmed. The respondents are allowed costs. No attorney fees are allowed.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.