IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 46272

JACQUELINE MARIE RAYMOND, )
individually as an heir, and as Personal )
Representative of the ESTATE OF BARRY )
JOHNSON, )
                                          )
    Plaintiff-Appellant, )
v. )                         Boise, August 2019 Term
                                          )
IDAHO STATE POLICE, an Idaho State )      Opinion Filed: October 18, 2019
agency; )
                                          )      Karel A. Lehrman, Clerk
    Defendant-Respondent, )
                                          )
and )
                                          )
PAYETTE COUNTY, a political subdivision )
of the State of Idaho; SCOTT SLOAN, and )
JOHN and JANE DOES I-X, )
    Defendants. )
                                          )

Appeal from the District Court of the Third Judicial District of the State of Idaho, Payette County. Christopher S. Nye, District Judge.

The District Court's dismissal of Appellant's complaint for tortious interference with a prospective civil action is <u>reversed</u> and the judgment is <u>vacated</u>. No attorney fees are <u>awarded</u> to Respondent Idaho State Police. Costs on appeal are <u>awarded</u> to Appellant.

Peterson Moss Hall & Olsen, Idaho Falls, attorneys for Appellant. Nathan M. Olsen argued.

Moore, Elia, Kraft & Hall, Boise, attorneys for Respondent. Michael J. Elia argued.

_____

BEVAN, Justice

## I.    NATURE OF THE CASE

This appeal concerns whether Idaho recognizes tortious interference with a prospective civil action. This case was brought by the Plaintiff, Jackie Raymond, alleging, among other

1

things,[1] that Idaho State Police ("ISP"), Payette County, and Deputy Sloan (collectively "the defendants") tortiously interfered with a prospective civil action. The defendants moved for dismissal of this claim, arguing Idaho does not recognize the tort, and even if it did, Raymond lacked standing and her claims were too speculative to establish causation.[2] The district court agreed with the defendants, holding that (1) Idaho had not recognized the tort as an independent cause of action (2) it would not acknowledge the tort, and (3) the facts were too speculative to establish such a claim. Thus, the district court dismissed the claim pursuant to Rule 12(b)(6) of the Idaho Rules of Civil Procedure. Raymond now appeals and requests this Court formally adopt a new tort for intentional interference with a prospective civil action by spoliation of evidence by a third party. We conclude that Idaho courts have already recognized the cause of action, but we take this opportunity to state this conclusion explicitly. We therefore reverse.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In late 2011, Barry Johnson was killed in a vehicular accident while driving on Idaho State Highway 30. The accident occurred when a Payette County deputy sheriff, Deputy Scott Sloan, tried to pass Johnson while driving at a very high speed in the left lane while Johnson was making a lawful left turn into his private driveway. ISP was charged with investigating the accident and Deputy Sloan. Pursuant to that investigation, felony criminal charges were filed against Deputy Sloan for vehicular manslaughter. Deputy Sloan was bound over to district court but the charges were ultimately dismissed.

Raymond, Johnson's daughter and personal representative for Johnson's estate, filed a complaint against the defendants, alleging wrongful death against the County and the Deputy, and adding claims for tortious interference with a prospective civil action, and in the alternative, tortious interference with a prospective economic advantage against the County, the Deputy, and ISP. Raymond's tortious interference with a prospective civil action alleged the following: 1) the defendants were negligent *per se*; 2) the defendants' violation of the applicable statutes constituted wrongful conduct; 3) the defendants knew litigation was likely to occur; 4) despite knowing litigation was imminent, the defendants willfully destroyed or concealed evidence disrupting Raymond's case; and 5) Raymond suffered damages from the increase in the cost of

---

[1] A claim for tortious interference with economic advantage was also the subject of the defendants' motion to dismiss. The district court dismissed that claim as well; however, that dismissal has not been appealed and is therefore not part of this appeal.

[2] Payette County and Deputy Sloan initially moved for dismissal of the tortious interference claim and ISP joined the motion. After the district court ruled for the defendants, the County and Deputy Sloan settled any remaining claims against them, leaving ISP as the only defendant here.

2

pursuing liability, the decrease in value of a potential award, interest accrued from the delay of the claim being resolved, and general damages. Raymond described the defendants' wrongful conduct:

> 17.     During ISP's investigation of the misconduct of defendant Sloan as alleged, and prosecution of Sloan therefor, the defendants conspired and attempted to, and did, cover up Sloan's misconduct and/or unduly influence[d] the investigation, evidence, and witnesses accordingly, in order to shield defendants Sloan and Payette County from liability and responsibility for Sloan's aforesaid misconduct.

> 18.     The defendants engaged in an enterprise or conspiracy with Sloan to, and did in fact, willfully and with full knowledge of Sloan's unlawful conduct, conceal evidence, harbor and protect Sloan from criminal and civil liability, and intimidate, influence, impede, deter, threaten, harass and obstruct witnesses and/or potential witnesses, all in violation of state and federal law but in favor of a corrupt policy and effort to protect fellow Idaho law enforcement officers from the consequences of their unlawful conduct.

Payette County filed a motion for partial dismissal under Rule 12(b)(6) of the Idaho Rules of Civil Procedure requesting that the district court dismiss Raymond's tortious interference claims. ISP joined Payette County's motion for partial dismissal. In its memorandum order and decision, the district court granted Payette County's motion to dismiss both tortious interference claims. Raymond appealed only the district court's dismissal of the tortious interference with a prospective civil action claim.

### III.     ISSUES ON APPEAL

1. Whether Idaho should formally adopt a new tort for intentional interference with a prospective civil action by spoliation of evidence by a third party.
2. Whether the district court erred in dismissing Raymond's tortious interference with a prospective civil action by spoliation of evidence claim.
3. Whether ISP is entitled to attorney fees and costs on appeal.

### IV.     STANDARD OF REVIEW

"This Court reviews *de novo* a district court's dismissal of a complaint under I.R.C.P. 12(b)(6) for failure to state a claim." *Idaho Wool Growers Ass'n, Inc. v. State*, 154 Idaho 716, 720, 302 P.3d 341, 345 (2012) (quoting *Hoffer v. City of Boise*, 151 Idaho 400, 402, 257 P.3d 1226, 1228 (2011)). "A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated." *Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017) (quoting *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2001)). On review, this Court "determines whether the non-movant has alleged sufficient facts in support of his

3

claim, which if true, would entitle him to relief." *Id*. (quoting *Wool Growers*, 154 Idaho at 720, 302 P.3d at 345). In doing so, this Court "draws all reasonable inferences in favor of the non-moving party." *Savage v. Scandit Inc.*, 163 Idaho 637, 640, 417 P.3d 234, 237 (2018) (quoting *Hammer*, 162 Idaho at 573, 401 P.3d at 151).

## V. ANALYSIS

### A. We formally adopt the tort of intentional interference with a prospective civil action by spoliation of evidence by a third party.

Raymond requests this Court formally adopt a "newly recognized or fashioned" tort for intentional interference with a prospective civil action by spoliation of evidence by a third party. Raymond correctly notes that Idaho has endorsed the viability of such a claim but has yet to "adopt" the tort. Raymond also argues Idaho should follow several jurisdictions that recognize the tort to protect plaintiffs from third party misconduct because existing nontort remedies are insufficient and do not serve as adequate deterrents. On the other hand, ISP argues this Court should not adopt a new tort because adoption would lead to endless and burdensome litigation, other remedies are available to deter the destruction of evidence, and the facts, as alleged by Raymond, do not merit the tort's adoption.

We view the posture of this case differently than the parties. This case continues the line of cases where Idaho has recognized a cause of action for intentional interference with a prospective civil action by spoliation of evidence by a third party. We simply take this opportunity to state expressly what has been referenced in passing before.

Although this Court has never officially adopted this tort,[3] we first recognized that an independent cause of action for intentional interference with a prospective civil action by spoliation of evidence by a third party can be a valid cause of action in *Yoakum v. Hartford Fire Insurance Company*, 129 Idaho 171, 923 P.2d 416 (1996). The plaintiffs in *Yoakum*, parents of a minor child killed while riding in a golf cart owned by the city of McCall, filed a wrongful death lawsuit against the City. *Id*. at 174, 923 P.2d at 419. The parents later filed a claim against the City's insurance company alleging, among other things, tortious spoliation of evidence. *Id*. Based on the factual circumstances presented, this Court found that an element of the tort was not present to establish liability against the City's insurer. *Id*. at 178, 923 P.2d at 423. Even so,

---

[3] *But see* O'Neal v. Remington Arms Co., LLC, 2012 WL 3834842, at *3 (D.S.D. 2012) (categorizing Idaho as one jurisdiction that has recognized intentional spoliation of evidence as an independent, cognizable tort claim).

we noted that "[t]he Court's opinion does not recognize or reject the tort of spoliation of evidence," but we did provide "guidance" for "future litigation" over such a claim:

> [F]or guidance in future litigation we take this opportunity to opine on a possible cause of action for conduct more egregious than that presented here. The guidelines offered by the authors of the Restatement and the cases which have defined the intentional spoliation of evidence cause of action provide a framework for another cause of action based upon intentional conduct that unreasonably interferes with a party's prospective cause of action. The tort of intentional spoliation of evidence has been alternatively identified by the courts as the "intentional interference with prospective civil action by spoliation of evidence."

*Id.* at 178, 923 P.2d at 423.

We then explained that (A) "a claim for intentional interference with a prospective civil action must nonetheless allege and prove conduct that amounts to an 'unreasonable interference' by the defendant," *id.* at 179, 923 P.2d at 424; and (B) the interference must be "wrongful." In cases involving intentional interference with a prospective economic advantage, wrongful interference "may be shown by proof that either: (1) the defendant had an improper motive to harm the plaintiff; or (2) the defendant used a wrongful means to cause injury to the prospective advantage." *Id.*

Whether adopting an independent tort for spoliation of evidence was warranted arose again before this Court in *Cook v. State Department of Transportation*, 133 Idaho 288, 985 P.2d 1150 (1999). We explained "[e]ven though this Court has not expressly adopted spoliation of evidence in Idaho, it has recognized that spoliation of evidence is a tort." *Id.* at 298, 985 P.2d at 1160. Even so, this Court affirmed the district court's dismissal of the claim because the plaintiff failed to file a notice of tort claim in accordance with the Idaho Tort Claims Act. *Id.*

More recently, this Court reiterated its position on tortious spoliation of evidence. *See Ricketts v. E. Idaho Equip., Co., Inc.*, 137 Idaho 578, 581–82, 51 P.3d at 395–96 (2002). In *Ricketts*, this Court explained "[t]he concept of spoliation requires a state of mind that shows a plan or premeditation. . . ." *Id.* at 582, 51 P.3d at 396. Finding no plan or premeditation, this Court affirmed the district court's refusal to provide the jury instructions on spoliation. *Id.*

These cases show that this Court has ostensibly recognized interference with a prospective civil action by spoliation of evidence as a valid independent tort when the facts presented support its application. That said, to avoid confusion, we now formally adopt the tort of intentional interference with a prospective civil action by spoliation of evidence by a third party.

5

In adopting this tort we note the following axiomatic principles. First, this is an intentional tort, requiring proof of either improper motive or improper means in accomplishing the act(s) complained of. Second, it is a tort committed by a third party. Idaho has recognized that first-party spoliation of evidence "is a general principle of civil litigation which provides that upon a showing of intentional destruction of evidence by an opposing party, an inference arises that the missing evidence was adverse to the party's position." *Waters v. All Phase Const.*, 156 Idaho 259, 263, 322 P.3d 992, 996 (2014) (quoting *Stuart v. State,* 127 Idaho 806, 816, 907 P.2d 783, 793 (1995)). The remedy for such first-party misdeeds is not an independent cause of action. Rather, it results in the remedy of instructing the jury that it may "reasonably infer that evidence deliberately or negligently destroyed by a party was unfavorable to th[at] party's position. . . ." *Id*. The tort we reaffirm today is different. It provides an aggrieved plaintiff a cause of action against a third party for intentional, egregious conduct that adversely impacts the plaintiff's cause of action against another.

There are two basic policy justifications that support formal adoption of this tort, "first, to provide a remedy for spoliation victims who would otherwise be unable to recover in their underlying lawsuits; and second, to deter future spoliation of evidence." *Hills v. United Parcel Serv., Inc.*, 232 P.3d 1049, 1055 (Utah 2010). We agree with the sentiments expressed by the Utah Supreme Court:

> [T]he preference for a third-party spoliation tort is even more defensible. Like most courts, [we] agree that traditional nontort remedies adequately deter first-party spoliation and fairly compensate victims. Third-party spoliation, however, paints a different picture. Almost all states—including those that have refused to adopt a tort of spoliation—acknowledge that when dealing with third-party spoliators, traditional nontort remedies such as evidentiary inferences, discovery sanctions, and attorney disciplinary measures are unavailable or largely ineffectual. . . .
>
> The fact that all jurisdictions conceded that traditional nontort remedies will be unavailing as against third-party spoliators also highlights the basic "philosophical divide" between the courts that choose to adopt a third-party spoliation tort and those that reject the tort. On one side of the divide are courts that place a higher value on judicial efficiency and finality of judgments; on the other side are courts that value the need to provide a remedy to victims of spoliation and to deter future evidence spoliation.

*Id*. at 1056–67. Thus, in formally adopting this tort, we are inclined to follow the jurisdictions who value remedying victims of third-party spoliation and deterring future spoliation by third parties.

To provide guidance to Idaho's trial courts and to counsel for future cases of this type, we set forth the elements a plaintiff must prove to establish this cause of action:

(1)    a pending or probable lawsuit involving the plaintiff;
(2)    the defendant's knowledge of the potential or probable lawsuit;
(3)    the wrongful destruction, mutilation, alteration, or concealment of evidence by the defendant designed to disrupt or defeat the potential lawsuit;
(4)    disruption of the potential lawsuit;
(5)    a causal relationship between the act of spoliation and the disruption to the lawsuit; and
(6)    damages proximately caused by defendant's acts.

These elements resemble those stated by the Montana Supreme Court in *Oliver v. Stimson Lumber Company*, 993 P.2d 11, 22 (Mont. 1999), but they also incorporate the language from this Court in *Yoakum*, which requires that the destruction be "wrongful," i.e., "(1) the defendant had an improper motive to harm the plaintiff; or (2) the defendant used a wrongful means to cause injury to the prospective advantage." 129 Idaho at 178, 923 P.2d at 423.

As for damages, it is well established that damages are to be proven with reasonable certainty. *Griffith v. Clear Lakes Trout Co., Inc.*, 146 Idaho 613, 618, 200 P.3d 1162, 1167 (2009) ("Reasonable certainty requires neither absolute assurance nor mathematical exactitude; rather, the evidence need only be sufficient to remove the existence of damages from the realm of speculation."). We fully recognize that the requirement of reasonable certainty in proving damages potentially conflicts with the inherently speculative nature of damages that may arise in a claim for intentional interference with a prospective civil action by spoliation of evidence. *See Oliver*, 993 P.2d at 21 ("The speculative nature of damages is inherent in the uncertainties of proof relevant to the tort of spoliation of evidence."). Thus, as often happens in civil damage claims, this will be an evidentiary issue that may need to be addressed by the trial court prior to or during trial, or ultimately resolved at trial by the jury.

Even so, for cases of this type we follow the logic of the United States Supreme Court, which held in an antitrust case that the speculative nature of damages should not bar recovery:

> Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show [sic] the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that

would be possible if the case, which he alone is responsible for making, were otherwise.

*Story Parchment Co. v. Paterson Parchment Paper*, 282 U.S. 555, 563 (1931). The U.S. Supreme Court further explained:

> Juries are allowed to act upon probable and inferential as well as direct and positive proof. And when, from the nature of the case, the amount of damages cannot be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit.

*Id.* at 564.

This rationale applies equally to cases such as the one before us. Thus, while damages cannot be "determined by mere speculation or guess," *id.*, an approximation of the damages with reasonable certainty will suffice. Stated another way, we hold the indeterminate nature of damages in these cases does not bar a plaintiff's right to recover, so long as the plaintiff can show the extent of the damage as a matter of just and reasonable inference. *See id.* at 563.

By adopting this tort we recognize that other courts have criticized or directly rejected it. *See*, *e.g.*, *Superior Boiler Works, Inc. v. Kimball*, 259 P.3d 676, 690 (Kan. 2011) (listing several policy concerns, including "endless litigation," for refusing to recognize intentional spoliation of evidence); *Teel v. Meredith*, 774 N.W.2d 527 (Mich. App. 2009) (Michigan does not recognize the tort of spoliation of evidence that interferes with a prospective civil action against a third party); *Temple Cmty. Hosp. v. Superior Court*, 976 P.2d 223 (Cal. 1999) (California does not recognize spoliation by a third party). Often these courts view this cause of action as unnecessary on policy grounds, or based on the speculation inherent in proving such cases. For example, in *Temple*, the California Supreme Court expressed its concerns with maintaining this tort for third-party spoliation explaining California's policy against creating derivative tort remedies for litigation-related misconduct, emphasizing the strength of existing nontort remedies for spoliation, and cautioning others of the uncertainty of damages in spoliation cases. *Id.* at 231–32 (citing *Cedars-Sinai Med. Ctr. v. Superior Court*, 954 P.2d 511, 513 (Cal. 1998)). The *Temple* court also expressed that the prospective costs, the potential for jury confusion and inconsistency, the perceived lack of deterrence, and the possibility of an expanded class of potential plaintiffs and defendants were equally troubling. *Id.*

Despite these concerns, many jurisdictions have recognized an independent tort for intentional interference with a prospective civil action by spoliation of evidence by a third party.[4] In the final analysis, we conclude that the scale should tip in favor of the potential victims of spoliation, by providing a cause of action for which there is otherwise no remedy against a third-party spoliator. In so doing, we are also mindful that such torts, when established by a preponderance of the evidence, not only harm the victims, but are ultimately an affront to the judicial process as a whole. We also conclude that by restricting these claims to circumstances where the facts establish willful interference, the remedy provided can also serve as a deterrent, as noted by those courts which have adopted the tort. However, we decline Raymond's invitation to go as far as the Montana Supreme Court in *Oliver* and recognize *negligent* spoliation of evidence as a viable cause of action. *Cf. Oliver*, 993 p.2d at 345 (expanding the tort to include negligent spoliation of evidence by a third party). There is some question whether Raymond even raised the negligence basis for her claim before the district court and the district court's opinion did not address a negligence spoliation theory. Thus, we will not to address it. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

## B. The district court erred in dismissing Raymond's tortious interference with a prospective civil action claim.

Raymond maintains the district court took too narrow a view of the alleged tortious interference with a prospective civil action claim, rather than focusing on whether Raymond's complaint put ISP on notice of the material facts supporting their claim. Raymond argues the district court erred in finding Idaho does not recognize tortious interference with a prospective civil action. Conversely, ISP argues the district court did not err in dismissing the tortious interference with a prospective civil action claim because the tort has not been formally adopted in Idaho. ISP also argued that Raymond's alleged injury is based on pure speculation. As a result, Raymond lacks standing to pursue her claims. Finally, ISP raised policy concerns as stated by those courts that reject the tort. For the reasons below, this Court reverses the district court's dismissal.

---

[4] *E.g.*, *Hannah v. Heeter*, 584 S.E.2d 560, 573–74 (W. Va. 2003) (recognizing a cause of action for intentional spoliation by a third party); *Oliver v. Stimson Lumber Co.*, 993 P.2d 11 (Mont. 1999) (recognizing a cause of action for both negligent and intentional spoliation of evidence by a third party); *Coleman v. Eddy Potash, Inc.*, 905 P.2d 185 (N.M. 1995), overruled on other grounds by *Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148 (N.M. 2001) (recognizing a cause of action for intentional spoliation of evidence by a third party); *Smith v. Howard Johnson Co., Inc.*, 615 N.E.2d 1037 (Ohio 1993) (recognizing a cause of action for both negligent and intentional spoliation of evidence by a third party); *Hazen v. Mun. of Anchorage*, 718 P.2d 456, 463 (Alaska 1986) (recognizing a cause of action for intentional spoliation of evidence by a third party).

To state a claim for relief, the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." I.R.C.P. 8(a)(2). In *Navo v. Bingham Mem'l Hosp.*, 160 Idaho 363, 373 P.3d 681 (2016), this Court explained:

> [T]he technical rules of pleading have long been abandoned in Idaho, and the general policy behind the current rules of civil procedure is to provide every litigant with his or her day in court. Accordingly, when reviewing a pleading, this Court should focus on ensuring that a just result is accomplished, rather than requiring strict adherence to rigid forms of pleading. The purpose of a complaint is to inform the defendant of the material facts upon which the plaintiff rests the action. Accordingly, the key issue in determining the validity of a complaint is whether the adverse party is put on notice of the claims brought against it.

160 Idaho at 374–75, 373 P.3d at 692–93 (internal citations and quotations omitted). A complaint, even with glaring deficiencies, may nevertheless put a defendant on notice if the defendant's answer offers defenses to the claims against it. *See Seiniger Law Off., P.A. v. N. Pac. Ins. Co.*, 145 Idaho 241, 247, 178 P.3d 606, 612 (2008). "[A]s a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which the plaintiff includes allegations showing on the face of the complaint that there is some insurmountable bar to relief." *Emp'rs Resource Mgmt. Co. v. Ronk*, 162 Idaho 774, 777, 405 P.3d 33, 36 (2017).

Since we have concluded that the tort alleged by Raymond may be brought under Idaho law, we must now determine whether Raymond's complaint stated sufficient facts, when construed in her favor, to survive a motion for judgment on the pleadings. Under Idaho's relaxed notice pleading standard, Raymond's complaint sufficiently notified ISP of Raymond's tortious interference with a prospective civil action claim. *See Navo*, 160 Idaho at 375, 373 P.3d at 693. The complaint alleged ISP engaged in misconduct that interfered with potential litigation, the misconduct was wrongful beyond the interference itself, that ISP knew litigation would likely occur and the misconduct would disrupt the litigation, and that the result of the interference caused damage. These allegations, construed against ISP as the moving party, meet each of the above-stated elements sufficiently to establish the right to proceed with the claim.

In Payette County's memorandum in support of its motion for partial dismissal, which ISP joined, defendants conceded "[t]here is enough in the [c]omplaint, though not well stated, to imply a spoliation claim in the context of the current civil action." Therefore, Raymond's complaint, coupled with ISP's concessions, is sufficient to withstand a 12(b)(6) motion.

The district court dismissed the complaint finding that Raymond could not prove that "but for [ISP]'s alleged misconduct, [Deputy] Sloan would have been convicted of

10

manslaughter." Thus, the district court held that Raymond's inability to prove Deputy Sloan would have been convicted was an insurmountable bar to relief. *See Emp'rs Resource Mgmt. Co.*, 162 Idaho at 777, 405 P.3d at 36. This finding was flawed. The district court, on a 12(b)(6) motion to dismiss, must construe all reasonable inferences from the facts alleged in the pleadings in favor of Raymond, the non-moving party. *See Savage v. Scandit Inc.*, 163 Idaho 637, 642, 417 P.3d 234, 239 (2018). When all inferences from the facts alleged are drawn in Raymond's favor and considered true, a reasonable trier of fact could conclude that but for ISP's alleged misconduct, Officer Sloan would have been convicted of manslaughter. *See id.* (holding dismissal pursuant to 12(b)(6) improper because non-moving party established a claim when all inferences were drawn in its favor despite moving party being able to show later that there was some bar to relief). Indeed, Raymond had not yet produced any evidence in support of her claim at this preliminary stage of the litigation. While ISP may be able to later show that Raymond's evidence does not satisfy the elements of the tort adopted today, for purposes of a motion to dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6), Raymond has stated a sufficient claim. Therefore, we hold the district court erred in dismissing Raymond's claim for tortious interference with a prospective civil action for failure to state a claim.

## C. Attorney Fees and Costs on Appeal.

ISP requests attorney fees and costs on appeal under Idaho Appellate Rule 41, Idaho Rule of Civil Procedure 54 and Idaho Code section 12-121. Such fees are only awardable to the prevailing party on appeal if the Court "finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Based on the above discussion, ISP has no right to attorney fees on appeal because (1) ISP is not the prevailing party and (2) Raymond did not bring this case frivolously, unreasonably or without foundation.

## VI. CONCLUSION

For these reasons, this Court explicitly adopts the tort of intentional interference with a prospective civil action by spoliation of evidence by a third party. We thus reverse the district court's dismissal of Raymond's complaint for tortious interference with a prospective civil action and vacate the judgment in favor of ISP. We further hold that ISP has no right to attorney fees on appeal, but costs are awarded to Raymond as the prevailing party.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.