# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51474

| | |
|---|---|
| RAYMOND PERRON, dba MY MANAGEMENT, ) | Filed: March 5, 2025 |
| Plaintiff-Appellant, ) | Melanie Gagnepain, Clerk |
| v. ) | THIS IS AN UNPUBLISHED |
| JUAN MARTINEZ, an individual; and JAMES YON, and individual, ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendants-Respondents, ) | |
| and ) | |
| STRONG ARM CONSTRUCTION, LLC, an Idaho limited liability company, ) | |
| Defendant. ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment granting summary judgment and dismissing claims with prejudice, affirmed.

Johnson May; Wyatt Johnson, Boise, for appellant. Wyatt Johnson argued.

RandsLaw, PLLC; Tyler Rands, Twin Falls, for respondents. Tyler Rands argued.

_____

HUSKEY, Judge

Raymond Perron, dba My Management, appeals from the judgment granting summary judgment to James Yon and Juan Martinez[1] and the dismissal of his complaint with prejudice. Perron argues the district court erred in granting summary judgment because there were genuine

---

[1] Strong Arm Construction, LLC was initially a named party but was subsequently dropped from the suit; consequently, they are not a party on appeal.

issues of material fact regarding his claims for damages. Yon and Martinez argue the district court correctly granted summary judgment because Perron failed to support his claims for damages with admissible evidence, and therefore, failed to demonstrate the existence of genuine issues of material fact. Yon and Martinez alternatively argue the original contract is illegal, and thus void, because Perron acted as, but was not, a registered contractor at the time the contract was executed between the parties. Finally, Yon and Martinez argue that even if the contract is found to be valid, Perron is not the party entitled to any of the damages because all the damages are meant to compensate the owner, and Perron is not the owner. The judgment granting summary judgment in favor of Yon and Martinez is affirmed.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Yon and Martinez, co-owners of Strong Arm Construction, LLC, entered into a contract ("Strong Arm contract")[2] with "My Management Company" for the construction of a fourplex apartment building on real property located in Twin Falls, Idaho. The contract indicated that Perron owned My Management Company and My Management Company owned the property on which the fourplex was to be constructed. Perron signed the contract as the Owner of My Management Company. Yon and Martinez signed the contract as co-owners of Strong Arm Construction, LLC. Perron subsequently entered into a contract ("Hirschi Anderson contract") with Scott Hirschi and Hal Anderson ("Hirschi Anderson, LLC"), the actual owners of the property in Twin Falls, to construct and/or oversee the construction of the fourplex. The Strong Arm contract did not mention or reference Hirschi or Anderson individually, Hirschi Anderson, LLC as a company, and did not indicate that Perron was acting as a representative or agent of Hirschi Anderson, LLC.

Due to delays in completing the fourplex, Perron and Strong Arm Construction, LLC executed an addendum, which extended the deadline for completing the fourplex. The addendum included a liquidated damages clause allowing the "Owner" to impose a monetary penalty if the project was not completed by the new deadline. The project was not completed on time, and Perron fired Strong Arm Construction, LLC and hired Clearsprings Construction, LLC to complete the job.

---

[2] Although Strong Arm Construction, LLC was dismissed from the lawsuit, for convenience, we will refer to the contract between Yon, Martinez, and Perron as the Strong Arm contract.

Perron filed a lawsuit against Yon and Martinez, in their individual capacities, and Strong Arm Construction, LLC, as the entity, alleging breach of contract. Perron sought reimbursement for damages he allegedly incurred as a result of Strong Arm Construction, LLC not completing the project on time. Perron claimed total damages in the amount of $233,337, which included liquidated damages in the amount of $45,800, lost rents in the amount of $70,364.65, and additional costs incurred to finish the project in the amount of $110,545.26. Yon and Martinez filed a motion for summary judgment requesting the district court release them individually from the lawsuit, arguing they entered into the contract as Strong Arm Construction, LLC and not in their individual capacities. The district court denied the motion. Nearly a year later, Yon and Martinez filed a motion to dismiss, arguing the case should be dismissed because "My Management Company" was not a valid corporate entity at the time the Strong Arm contract was signed. In response, Perron filed a motion for leave to amend his complaint to correctly reflect Ray Perron, dba My Management, as the named plaintiff. The district court denied Yon and Martinez's motion to dismiss Strong Arm Construction, LLC as a party and granted Perron's motion to amend the complaint.

Yon and Martinez filed another motion for summary judgment requesting summary dismissal of the claims asserting various arguments, but as relevant here: (1) the Strong Arm contract is void and unenforceable because Perron was not a licensed contractor as required by Idaho Code § 54-5204, prior to entering into the contract and therefore, could not legally enter into a contract to provide construction services; (2) Perron was not the owner of the property and was not acting on his own behalf; and (3) Perron has not suffered any recognizable damages because he was not the owner and thus, was not entitled to the alleged lost rents; was not liable for any incurred expenses related to the construction loans; and the liquidated damages provision was a penalty, which runs contrary to public policy. Even if enforceable, Yon and Martinez argue any liquidated damages would not be paid to Perron as a non-owner; and therefore, he could not prove damages. Perron subsequently filed a second motion for leave to amend the complaint to add Hirschi Anderson, LLC as a plaintiff and a motion to dismiss Strong Arm Construction, LLC from the complaint, leaving Yon and Martinez as defendants in their individual capacities. At a hearing on Perron's motions, the district court granted the motion to dismiss Strong Arm Construction, LLC and denied Perron's second motion to amend.

3

At the hearing on the summary judgment motion, Yon and Martinez argued that: (1) a genuine issue of material fact does not exist because Perron failed to present admissible evidence that supported his claims to damages including lost rents, additional costs incurred, and liquidated damages; (2) the Strong Arm contract is void and unenforceable because Perron was acting illegally as an unlicensed general contractor pursuant to his contract with Hirschi Anderson, LLC; and (3) even if the contract was enforceable, Perron has no claim to any damages as he is not the owner. Yon and Martinez presented evidence that Hirschi Anderson, LLC owned the fourplex property, that Perron had no ownership interest in the property, and that the bills for completion of the project were forwarded to and paid by Hirschi Anderson, LLC. According to Yon and Martinez, Perron's deposition testimony made clear that Hirschi Anderson, LLC owned the real property, and it is the entity that would be entitled to claim damages for lost rent, additional finance charges on the construction loan, or liquidated damages resulting from a breach of contract. Therefore, Yon and Martinez argued Perron had no damages. Although Perron verbally argued he was personally damaged by a reduction in his 10% construction management fee because he had to hire a new contractor to finish the work, Yon and Martinez argued he failed to present documentation or admissible evidence to support the claim.

The district court found: (1) Perron failed to submit or point to admissible evidence sufficient to create a genuine issue of material fact regarding damages arising from loss of rents or additional costs incurred when Perron hired a different company to complete the project; (2) Perron's verbal assertion of the reduction of his management fee was unsupported by admissible evidence; and (3) Perron failed to present admissible evidence that he was the party entitled to enforce and/or receive any liquidated damages, even if the clause was found to be enforceable. Because Perron failed to present admissible evidence to support his claims, even when construing the facts in a light most favorable to Perron, the district court granted summary judgment to Yon and Martinez and dismissed Perron's claims with prejudice. Perron appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision on summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file,

4

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Idaho Rules of Civil Procedure 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

Perron contends the district court erred in granting the motion for summary judgment because a genuine issue of material fact existed. He argues he presented sufficient admissible evidence to demonstrate the damages he incurred because of the alleged breach by Yon and Martinez. Perron also argues that even if Hirschi Anderson, LLC was responsible for the additional cost of construction, there is still the possibility of Hirschi Anderson, LLC holding him liable for the additional amount. He further argues the liquidated damages bear a reasonable relationship to the contract because of the increased time and energy he was forced to invest to micromanage Yon and Martinez. Although Perron acknowledges that he is not a registered contractor under the Idaho Contractor Registration Act (ICRA), specifically, I.C. § 54-5204, he argues his only role in the Strong Arm contract was to "pay for the work" and therefore his registration status is not relevant to that contract.

5

Yon and Martinez contend the district court was correct in granting summary judgment on the basis that Perron failed to support his claim for damages with admissible evidence and thus, failed to establish a genuine issue of material fact on that issue. Yon and Martinez argue that even if the contract is valid and they breached the contract, the damages claimed by Perron are speculative and remote, not actual. Yon and Martinez argue the district court correctly concluded Perron is not entitled to liquidated damages because the liquidated damages clause was intended as a penalty enforceable only by Hirschi Anderson, LLC as the owner of the real property. Yon and Martinez also argue there is an alternative basis upon which the motion could have been granted--that the Strong Arm contract is illegal and void because Idaho Code requires Perron to be a registered or licensed contractor at the time he entered the contract, and he was neither licensed nor registered as a contractor at that time.

## A.     Legality of The Contract

Perron argues the Strong Arm contract was legally valid and the fact that Perron was an unregistered contractor is not relevant to the contract as he was not acting in a contractor capacity. Perron also argues his registration status does not diminish the damages he suffered as a result of the alleged breach. Perron argues that the contract between himself and Hirschi Anderson, LLC is not imputed to the Strong Arm contract. Yon and Martinez contend the contract with Perron was illegal, and thus void, because Perron was not a registered contractor at the time of signing as required under ICRA. Yon and Martinez argue that Perron was acting as a general contractor or construction manager on behalf of Hirschi Anderson, LLC when he contracted with Strong Arm Construction, LLC to build the fourplex. According to Yon and Martinez, acting as a general contractor or construction manager are roles which require registration under the ICRA. Because Perron failed to comply with the statutory registration requirements, Yon and Martinez contend the contract between themselves and Perron is not a legally valid contract.

"Whether a contract is illegal is a question of law for the court to determine from all the facts and circumstances of each case." *Farrell v. Whiteman*, 146 Idaho 604, 608, 200 P.3d 1153, 1157 (2009). The illegality of a contract can be raised at any stage in litigation. *Id.* "[I]n Idaho a court may not only raise the issue of whether a contract is illegal sua sponte, but it has a duty to raise the issue of illegality, whether pled or otherwise, at any stage in the litigation." *Quiring v. Quiring*, 130 Idaho 560, 566-67, 944 P.2d 695, 701-02 (1997). While this Court is bound by the district court's findings of fact unless they are clearly erroneous, it is not bound by the district

6

court's conclusions of law and may draw its own conclusions from the facts presented. *Griffith v. Clear Lakes Trout Co.*, 143 Idaho 733, 737, 152 P.3d 604, 608 (2007). Thus, we freely review whether or not the contract in this case was illegal.

"[A] contract for work subject to the requirements of the Idaho Contractor Registration Act is illegal if the contractor is unregistered when the contract is executed because the consideration consists of an act that is contrary to law and public policy." *AED, Inc.*, 155 Idaho at 167, 307 P.3d at 184. Under I.C. § 54-5203(3)(b), a contractor includes a construction manager who performs construction management services. Although the question of the legality of the contract was raised in Yon and Martinez's motion for summary judgment, the district court did not address the issue. Thus, we will address it on appeal. The Court will "uphold the decision of a trial court if any alternative legal basis can be found to support it." *Daleiden v. Jefferson Cnty. Joint Sch. Dist. No. 251*, 139 Idaho 466, 470-71, 80 P.3d 1067, 1071-72 (2003) (quoting *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 370, 816 P.2d 320, 326 (1991)).

The Strong Arm contract is void because at the time Perron entered the contract, he was acting as a construction manager or supervisor on behalf of Hirschi Anderson, LLC without being a registered contractor. Additionally, Perron knowingly misrepresented himself as the owner of the property on which the fourplex was to be built. In the Strong Arm contract, Perron signed the contract as the owner of My Management Company. The contract indicated that "My Management Company owns the land were [sic] the fourplex is going in Twin Falls Idaho Strong Arm will build four units per plan." Yon and Martinez did not learn that Perron was not owner of the property until Perron filed the complaint; and then confirmed in Perron's deposition and his supplemental discovery responses that Hirschi Anderson, LLC was the actual owner of the property. Because Perron was not the property owner, he had no authority to enter into a contract as the owner to build on that property, and thus, could not have entered into the contract on his own behalf. As a result, he could only have entered the contract as a supervisor or manager acting on behalf of Hirschi Anderson, LLC, a fact he acknowledged during oral argument.

The question for this Court is whether Perron was acting as a construction manager at the time of execution of the Strong Arm contract, and therefore subject to the requirements of the ICRA. Because Perron is not the owner of the land, the only capacity he could have entered into the contract was as a construction manager on behalf of the owner, Hirschi Anderson, LLC. During oral argument, Perron conceded his role in the Strong Arm contract was supervising and

7

managing the project. Thus, Perron was acting as a construction manager, a role which requires registration under ICRA, and therefore the ICRA statute applies. Because ICRA applies to the contract and Perron was not registered at the time of contract formation, the contract is illegal.

While it is true that the owner of real property is not required to be a registered contractor when hiring construction services under I.C. § 54-5205(2)(k), in this case, Perron was not the owner. Consequently, because the contract was illegal based on Perron's failure to comply with the statue, Perron cannot assert a claim for damages arising from an alleged breach of the illegal contract. Nonetheless, as discussed below, even if Perron had a claim for damages that was permitted by the statute, he has failed to show he suffered any damages.

**B.    Actual Damages**

Perron contends the district court erred in finding he did not establish that he suffered actual damages as a result of the alleged breach of contract. Perron claimed total damages in the amount of $233,337, which included liquidated damages in the amount of $45,800, lost rents in the amount of $70,364.65, and additional costs incurred to finish the project in the amount of $110,545.26. Perron argues the district court ignored the evidence and argument Perron presented concerning the exposure to damages suffered by Perron for the total project amount, including construction overages, and ignored the calculations submitted to the court during discovery and testified to during the summary judgment hearing. Yon and Martinez argue that Perron failed to produce admissible evidence of his damages, and any actual damages incurred by the alleged breach of contract suffered by Hirschi Anderson, LLC, the owners of the real property, who held the construction loan and would ultimately be entitled to the rents from the fourplex. During oral argument on appeal, Perron conceded that he is not entitled to lost rents because he is not the owner of the real property.

In reviewing a district court's ruling on a motion for summary judgment, we recognize that "the burden of establishing the absence of a genuine issue of material fact" rests with the moving party and "[w]e construe the record in the light most favorable to the party opposing the motion." *Finholt v. Cresto*, 143 Idaho 894, 896, 155 P.3d 695, 697 (2007). "However, the nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to withstand summary judgment." *Id.* at 896-97, 155 P.3d at 697-98. "A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Id.*

8

The district court found the additional construction costs incurred by hiring a different contractor to complete the work were borne by Hirschi Anderson, LLC, not Perron, as evidenced from text messages between the parties. Perron did not provide evidence that he personally incurred any additional construction expenses or interest charges. The district court found that although Perron had to hire a third party to finish work originally contracted for under the Strong Arm contract, the evidence admitted in the trial court showed that Hirschi Anderson, LLC paid the third party, not Perron. Finally, the district court found that Perron failed to support his assertion that his construction management fee was reduced as a result of the alleged contract breach after Yon and Martinez referenced paid invoices showing Perron, dba My Management, received payments from various draws on the construction account. Other than verbally arguing the fee was reduced, no evidence was submitted. The district court concluded Perron failed to adequately respond to the motion for summary judgment and present admissible evidence of genuine issues of material fact. We agree.

On appeal, Perron continues to argue the additional construction costs represent actual damages because of a possibility that Hirschi Anderson, LLC will hold him liable for the additional construction expenses incurred. However, "[d]amages are to be proven with reasonable certainty." *Raymond v. Idaho State Police*, 165 Idaho 682, 687, 451 P.3d 17, 22 (2019). "Reasonable certainty" does not mean that damages need to be proven with mathematical exactitude, but it does require the plaintiff to prove that damages are not merely speculative. *Griffith*, 143 Idaho at 740, 152 P.3d at 611. "Damage awards based upon speculation and conjecture will not be allowed." *Eagle Equity Fund, LLC v. TitleOne Corp.*, 161 Idaho 355, 361, 386 P.3d 496, 502 (2016) (quoting *Inland Group of Companies, Inc. v. Providence Washington Ins. Co.*, 133 Idaho 249, 257, 985 P.2d 674, 682 (1999)). While the amount of the additional construction costs is not speculative, Perron's liability for the additional costs is. Perron submitted no evidence to the district court that Hirschi Anderson, LLC sought reimbursement from Perron for any of the construction cost overages. In fact, in Perron's opposition to the summary judgment motion, Perron stated, "Whether Hirschi Anderson chooses to pursue Plaintiff for damages it may have incurred is unknown." Despite Perron's assertion that there does not need to be any kind of claim by Hirschi Anderson, LLC for that obligation to independently exist, beyond conclusory assertions that the responsibility for payment will fall to Perron, no admissible evidence supports Perron's statement. Thus, Perron's claim that sometime in the future he may be liable to Hirschi Anderson, LLC is

9

completely speculative. Therefore, the district court did not err in determining that Perron's damages on the construction overages are merely speculative.

**C.      Liquidated Damages**

Despite Perron's inability to enforce the illegal contract because of his unregistered contractor status, Perron contends the liquidated damages clause in the Strong Arm contract was enforceable, and he was entitled to enforce the clause because of the damages incurred by the delays and need for increased supervision of Yon and Martinez. Yon and Martinez argue the liquidated damages clause is unenforceable because damages were not difficult or impossible to calculate, as evidenced by Perron's request for actual damages in a specified amount for the lost rents and construction overages. Yon and Martinez argue the liquidated damage amount is arbitrary and bears no reasonable relation to the anticipated damage. Yon and Martinez further argue that even if the liquidated damages clause is enforceable, it is not enforceable by Perron because he is not the owner of the property and not the party who suffered damages as a result of any alleged breach.

Liquidated damages clauses are enforceable in Idaho so long as two requirements are satisfied: "First, an accurate determination of the actual damages that might be incurred upon breach must be difficult or impossible to determine. Second, the amount of the liquidated damages must bear a reasonable relationship to the actual damages anticipated to be incurred." *Margaret H. Wane Tr. v. Lipsky*, 123 Idaho 253, 258-59, 846 P.2d 904, 909-10 (1993). "The party asserting that a liquidated damages clause is unenforceable bears the burden of proving that the liquidated damages are not reasonably related to actual damages, and/or are exorbitant and unconscionable." *Schroeder v. Partin*, 151 Idaho 471, 476, 259 P.3d 617, 622 (2011). If a liquidated damages clause is unenforceable, the non-breaching party is entitled to compensation for its actual damages. *Id.*

Perron asks this Court to sever clauses in the Strong Arm and Hirschi Anderson contracts that may be illegal but enforce the remaining clauses. Specifically, Perron concedes he was not a registered contractor and cannot ask for compensation related to construction management, however, he argues the clause regarding the management fee can be severed from the contract. The problem with this argument is the management fee clause exists in the Hirschi Anderson contract, not the Strong Arm contract. Perron provides no support for the argument that this Court can sever a clause from the Hirschi Anderson contract and apply it to the Strong Arm contract. A

10

party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

The district court found that Yon and Martinez met the initial burden of proving the liquidated damage clause was unenforceable. The district court considered the argument that the liquidated damages were not reasonably related to actual damages, and/or were exorbitant and unconscionable because the $100 per day penalty outlined in the addendum bore no relation to the damages the owner of the property might sustain. The liquidated damages clause in the contract specified that liquidated damages would be paid at $100 per day and "are only intended to compensate the Owner for additional personnel efforts in administering the contract after normally scheduled completion dates, MMC inconvenience, lost opportunities, and lost rent." The clause further stated, "In order to recover liquidated damages, MMC is under no obligation to prove any more than actual market rents lost by MMC due to the Contractor's delay in performance." The district court found the liquidated damages were not reasonably related to the damages because Perron did not show by admissible evidence that he was inconvenienced or lost opportunities because of the delays. Additionally, the district court determined that only the owner, Hirschi Anderson, LLC, is entitled to enforce the clause and not Perron. Yon and Martinez introduced text messages between Perron and Martinez discussing the provision wherein Perron stated that, "Scott [Hirschi] had full intention to enforce that $100/day."

Based on the evidence submitted by Yon and Martinez, the district court found the burden then shifted to Perron to respond and present admissible evidence to show he was the party entitled to the damages and the existence of an issue of material fact. Instead of presenting evidence, Perron argued that the liquidated damages provision was enforceable because it provided "some degree of protection" for the plaintiff. The district court found Perron failed to present any evidence and thus, did not show there was an issue of a genuine material fact and granted summary judgment. We agree.

In Perron's deposition testimony, he could not identify any opportunities he lost because of the inconvenience caused by the delays. The text messages admitted showing that it was Scott Hirschi who intended to enforce the liquidated damages clause support Yon and Martinez's assertion that the clause was meant to compensate Hirschi Anderson, LLC, not Perron, for any damages caused by nonperformance. Perron did not respond with admissible evidence to

11

overcome the evidence presented by Yon and Martinez to show a material fact existed precluding summary judgment.

On appeal, Perron again fails to demonstrate he has the authority to enforce the liquidated damages clause. This argument is unavailing. First, the liquidated damages clause states that the liquidated damages are "intended to compensate the Owner." Although Perron argues the word "owner" is ambiguous because it does not necessarily refer to a status as an owner of the property, but rather, could just refer to Perron, that argument is unfounded in light of the text messages indicating the owner of the property, Scott Hirschi, was going to enforce the liquidated damages clause. At oral argument on appeal, Perron conceded that he was not entitled to compensation since the statute prohibits an unregistered contractor from receiving compensation. Thus, he was not entitled to any compensatory damages--liquidated or otherwise--arising from the Strong Arm contract. Perron contends he is entitled to the liquidated damages because of the additional time and effort expended to oversee Strong Arm Construction, LLC, but those duties are duties of a construction manager, and because Perron was an unregistered contractor and cannot claim compensation for duties subject to the ICRA, this cannot be a basis upon which to award damages.

Because Perron is not the party who would be compensated under the liquidated damages clause, the district court did not err in determining that Perron has failed to establish a genuine material fact and granting summary judgment in favor of Yon and Martinez.

### D.     Attorney Fees

Perron claims attorney fees on appeal pursuant to I.C. § 12-120(3). Yon and Martinez request costs and attorney fees on appeal pursuant to Idaho Appellate Rules 40 and 41, as well as I.C. §§ 12-120(3) and 12-121.

Costs may be awarded to the prevailing party on appeal under I.A.R. 40. The prevailing party may recover attorney fees in a civil action involving a commercial transaction pursuant to I.C. § 12-120(3). The parties agree this was a commercial transaction. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party, and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation.

Perron is not the prevailing party, and therefore, is not entitled to the award of attorney fees. Additionally, Perron failed to demonstrate his appeal was not frivolously filed. Perron filed

12

his appeal knowing that he was not the owner of the real property and that he was not properly registered to act as a construction manager.

Perron's counsel, Wyatt Johnson, bears some responsibility for the frivolous appeal. Counsel advanced arguments that Perron had damages, despite conceding in the briefing and during oral arguments, that Perron was acting as an unregistered contractor and did not own the real property. For example, counsel argues that this Court should ignore the existence of the Hirschi Anderson contract as establishing Perron's status as a construction manager when assessing Perron's status vis-à-vis the Strong Arm contract. Perron simultaneously argues we should consider the Hirschi Anderson contract for evidence of Perron's damages. Perron also argues we should sever portions of the Hirschi Anderson contract, which is not the contract at issue in this case, to allow Perron to recover damages.

Additionally, counsel acknowledged at oral argument that Perron was acting on behalf of Hirschi Anderson, LLC at the time he entered into the Strong Arm contract. Despite conceding Perron was an unregistered contractor and unable to seek any compensation related to contractor duties, counsel continued to argue Perron was entitled to the construction cost overages, even though Perron did not incur any expenses regarding the overage. Perron argues he is entitled to recover damages in the amount of the construction cost overages because he has some future, potential liability should Hirschi Anderson, LLC sue him under the Hirschi Anderson contract. However, nothing was presented to the district court that Hirschi Anderson, LLC has sought any recovery from Perron, nor should Perron be entitled to a windfall in the event Hirschi Anderson, LLC never sues him. Moreover, as a matter of law, unrealized damages are too speculative a basis on which to award any monetary damages.

Counsel continued to argue Perron was entitled to liquidated damages owed to the "owner" because the word "owner" was ambiguous, while ignoring both the plain meaning of the word and evidence in the record that Scott Hirschi of Hirschi Anderson, LLC intended to enforce the clause as the actual owner. Moreover, as addressed above, the language in the liquidated damages clause indicated it was for compensation, which Perron clearly was not entitled to, since he was acting as an unregistered contractor at the time the addendum was executed, rendering it an illegal addendum.

Counsel does not address any deficiencies in the district court's grant of summary judgment on the lack of evidence supporting Perron's claims, but instead raises the above specious

13

arguments. Counsel 's pursuit of an appeal wholly lacking in legal and factual support reflects a disregard for the requirements under I.A.R 11.2(a) which requires that any attorney signing a notice of appeal:

> has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

"We construe [Idaho Appellate Rule] 11.2 in the same manner as [Idaho Rules of Civil Procedure Rule] 11(a)(1) because they have identical wording. [A]ttorney fees can be awarded as sanctions when a party or attorney violates either (a) the frivolous filings clause or (b) the improper purpose clause." *Hartgrave v. City of Twin Falls*, 163 Idaho 347, 357, 413 P.3d 747, 757 (2018) (quoting *Andrews v. State Indus. Special Indem. Fund*, 162 Idaho 156, 160, 395 P.3d 375, 379 (2017)). As we have said, "[t]he frivolous filings clause applies when an argument is not 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . .' I.A.R. 11.2(a)." The Idaho Supreme Court has held "that 'frivolous filings' under Rule 11.2 'apply under the same circumstances that warrant awards under Idaho Code section 12-121.'" *BrunoBuilt, Inc. v. Erstad Architects, PA*, 172 Idaho 1, 18-21, 528 P.3d 531, 548-551 (2023) (quoting *Bergeman v. Select Portfolio Servicing*, 164 Idaho 498, 503, 432 P.3d 47, 52 (2018)). This Court has the authority to *sua sponte* award attorney fees pursuant to I.A.R. 11.2. *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 330, 297 P.3d 1134, 1147 (2013).

Perron sought, and Johnson filed and argued, a frivolous appeal. As discussed above, this appeal is based on meritless arguments without a foundation in law. Perron's status as the non-prevailing party on a frivolous appeal renders him liable for attorney fees pursuant to I.C. § 12-121 and I.A.R. 41. Johnson's conduct in pursuing this appeal is sanctionable under I.A.R. 11.2. Because Perron and Johnson are equally responsible for this frivolous appeal, we award costs and attorney fees to Yon and Martinez under I.C. § 12-121, I.A.R. 11.2, I.A.R. 40, and I.A.R. 41, with Perron and Johnson each liable for one-half of the amount due.

## IV.

## CONCLUSION

The district court did not err in granting summary judgment. The underlying contract is illegal and therefore unenforceable. Further, summary judgment is appropriate because Perron failed to provide admissible evidence to establish a genuine issue of material fact. We affirm the district court's judgment granting summary judgment and the dismissal of Perron's claims with prejudice. Additionally, we award attorney fees and costs to Yon and Martinez, with Perron and Johnson each liable for one-half of the amount due.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.